IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLENDORA DVINE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:25-CV-579-ECM-KFP |
| | ) |
| YESCARE CORP., | ) |
| | ) |
|    Defendant. | ) |

## **REPORT AND RECOMMENDATION**

This is an employment case. Pro se plaintiff Glendora Dvine alleges that she was wrongfully terminated. Doc. 1. This cause is now before the Court on Defendant's Motion to Dismiss. Doc. 7. The motion is fully briefed and ripe for resolution. Defendant seeks to dismiss the Complaint pursuant to Rule 12(b)(6), of the Federal Rules of Civil Procedure, arguing that Plaintiff "was never an employee of YesCare Corporation." Doc. 7 at 1.

For the reasons below, it is the recommendation of the undersigned that Defendant's Motion to Dismiss be DENIED.

**I.     BACKGROUND**

Plaintiff "began [her] employment with YesCare" at the age of 52. Doc. 1 at ¶ 9. She alleges her work environment was "riddled with hostility and age-based

discrimination." *Id*. She complained to HR, and she alleges that her "age and willingness to speak out about mis-treatment [*sic*] played a significant role in [her] termination." *Id.*

## II. MOTION TO DISMISS STANDARD

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plaintiff must include factual allegations that support each essential element of his claim. *Randall v. Scott*, 610 F.3d 701, 708 (11th Cir. 2010).

When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true the factual allegations and construe them in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679; *Strickland v. Alexander*, 772 F.3d 876, 882 (11th Cir. 2014). A complaint does not require detailed factual allegations; however, inadequately supported legal conclusions are not entitled to assumption of truth. *Twombly*, 550 U.S. at 555; *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

## III. DISCUSSION

The Court's above recitation of the background facts is based on the allegations of the Complaint. For purposes of ruling on the motion to dismiss, the Court must accept the

facts alleged in the Complaint as true and draw all reasonable inferences in favor of Plaintiff. *See Bailey v. Wheeler*, 843 F.3d 473, 478 n.3 (11th Cir. 2016).

The only basis for dismissal Defendant argues is that Plaintiff was never an employee of YesCare Corporation, but Plaintiff's Complaint pleads facts to the contrary, and these facts must be accepted as true at this stage—she was an employee of Defendant (Doc. 1 at ¶ 9). Defendant acknowledges this is the basis of Plaintiff's Complaint against it. Doc. 7 at 1.

Additionally, to the extent there is a discrepancy between Plaintiff's naming of Defendant YesCare Corporation and her factual allegation that she was employed by "YesCare," the undersigned finds that the reasonable inference must be drawn, at this time, that these references are to the same entity. Plaintiff's response in opposition to the Motion also supports this inference, as she argues in her opposition that she "began employment with YesCare Corp. on April 8, 2024, and remained employed until completing an exit survey on February 24, 2025." Doc. 12 at 1.[1]

---

[1] In her Response, Plaintiff also attaches a letter on what purports to be YesCare letterhead (Doc. 12-2 at 5), documents that purport to be emails to Plaintiff from someone using a Yescarecorp.com email address (Doc. 12-2 at 7–12), and a W-2 tax statement showing Plaintiff received wages from an employer identified as CHS Employee Group, LLC (Doc. 12-2 at 1). While there are occasions when a Court may consider documents outside the complaint on a motion to dismiss, the Court need not consider these documents and cannot affirm their authenticity at this time. Additionally, the Court declines to consider the documents and to convert the motion to one for summary judgment at this early stage. *See Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings."); *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal[.]").

## IV. CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS the Motion to Dismiss be DENIED.

Further, it is ORDERED that by **October 13, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3–1.

Done this 29th day of September, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE